■ In the Matter of ANGELA SIMONE S. SEAMAN'S SOCIETY FOR CHILDREN AND FAMILIES, Respondent; SIMONE M., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of KIMBERLY M. SEAMAN'S SOCIETY FOR CHILDREN AND FAMILIES, Respondent; SIMONE M., Appellant, et al., Respondent. (Proceeding No. 2.) [968 NYS2d 136]—

In related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of abandonment, the mother appeals, as limited by her brief, from so much of two orders of fact-finding and disposition (one as to each child) of the Family Court, Kings County (Turbow, J.), both dated February 7, 2012, as, after fact-finding and dispositional hearings, determined that she abandoned the subject children, terminated her parental rights, and transferred custody and guardianship of the subject children to the petitioner and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption.

Ordered that the orders of fact-finding and disposition are affirmed insofar as appealed from, without costs or disbursements.

The petitioner established by clear and convincing evidence that the mother abandoned the subject children by failing to visit or communicate with them or the petitioning agency during the six-month period immediately prior to the date on which the petitions were filed (*see* Social Services Law § 384-b [4] [b]; 5 [a]; *Matter of Gabrielle HH.*, 1 NY3d 549 [2003]; *Matter of Mekhi Kahalil G. [Ainsley M.J.]*, 99 AD3d 1003 [2012]; *Matter of Donna E.J. [Fatima J.]*, 96 AD3d 746 [2012]). This lack of contact evinces the mother's intent to forego her parental rights (*see Matter of Gabrielle HH.*, 1 NY3d at 550).

The mother's contention that her parental rights were improperly terminated because the petitioner failed to demonstrate that it engaged in diligent efforts to encourage her relationship with the children and to provide services to effect the same lacks merit. In the context of a proceeding to terminate parental rights on the ground of abandonment, a showing of diligent efforts by an authorized agency to encourage the parent to visit and communicate with the child or agency is not required (*see* Social Services Law § 384-b [5] [b]; *Matter of Gabrielle HH.*, 1 NY3d at 550; *Matter of Julius P.*, 63 NY2d 477, 481 [1984]; *Matter of Xtacys Nayarie M. [Jose Ruben M.]*, 74 AD3d 970 [2010]).

The mother's remaining contentions are without merit. Dillon, J.P., Angiolillo, Chambers and Hinds-Radix, JJ., concur.